IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-AP-00002-WDM

LEYLA M. SAHS,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendants.

---

### MEMORANDUM OPINION AND ORDER

---

Miller, J.

      Claimant Leyla Sahs (Sahs) appeals a final administrative decision by defendant Jo Anne B. Barnhart (the Commissioner) finding that she is not disabled within the meaning of the Social Security Act.

### Background

      Sahs was born November 30, 1977.  Prior to the five-year period when she claims she was disabled, she had obtained her GED and worked as a telemarketer, cashier, and fast-food worker.  (Admin. R. at 85, 118).  Since that time, she has become a college student who works part-time as a nurse's assistant.  *Id.* at 86; (Claimant's Opening Br. at 7).

1.   Medical History

      Sahs claims that she was disabled from June 13, 1996 through January 20, 2002. (Admin. R. at 13.)  Her physical problems began when she was involved in an automobile accident on June 13, 1996.  (Claimant's Opening Br. at 1.)  As a result, she claims that

she suffered multiple injuries, including lacerated and bruised knees, broken ribs, a crushed sternum, a closed head injury, a jaw injury (TMJ), and a sprained back, neck, and arm. *Id.* at 2.  Then, during her treatment from the accident, she claims that a physician's mistake caused her to suffer a collapsed lung. *Id.* Next, as she was recovering from the first accident, Sahs was involved in another auto accident on April 10, 1998, that both aggravated prior symptoms and caused new problems. *Id.* She developed "exquisite tenderness" on one side of her body, weakness in one arm, and worsened jaw, back, and knee problems. *Id.* at 2-3.  Then, in August of 1998, Sahs was watching her cousin in a boxing match, when in an extraordinary turn of events, his opponent became so angry that he left the ring and attacked Sahs, hitting her repeatedly in the head. *Id.* at 3.  Sahs claims that this aggravated her TMJ and headache problems and caused blurred vision. *Id.* Further, in January 1999, Sahs began to experience menstrual problems, breast discharge, and enhanced emotional problems that were eventually discovered to be symptoms from a tumor on Sahs's pituitary gland. *Id.* In addition, Sahs has a history of bipolar manic depression and anxiety disorders that were under varying degrees of control throughout the relevant time period. *Id.* at 2.

2.    Procedural History

Sahs initially applied for disability benefits on July 1, 1997. (Admin. R. at 13.)  After an initial finding that she was not disabled, she requested and received a hearing before an Administrative Law Judge (ALJ). *Id.* at 23-79.  Following a hearing held on February 18, 1999, ALJ J.M. Wilcox issued a decision finding no disability. *See Id.* at 255.  Sahs successfully appealed to the Social Security Appeals Council, who found that ALJ

Wilcox's decision did not adequately discuss state agency findings that conflicted with his own findings. *Id.* Following a new hearing on February 6, 2003, ALJ Wilcox again found no disability, and the Social Security Council declined to review this decision. *Id.* at 4. Therefore, ALJ Wilcox's second decision represents the final decision of the Commissioner, and Sahs now appeals to this Court.

Standard of Review

I review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence in the record as a whole and whether she applied the correct legal standards. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The commissioner must apply the correct legal standard, and must provide the court with a sufficient basis to determine that appropriate legal principles were followed. *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993).

Discussion

The Secretary has established a five-step evaluation process to determine whether a claimant is disabled for purposes of the Social Security Act. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The steps of the evaluation are:

(1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing [her] past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

3

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992).

In this case, Sahs raises two objections to the ALJ's ruling.  First, she claims that the ALJ failed to give proper weight to the opinions of certain physicians and witnesses.  Second, she claims that the ALJ failed to consider the combined effect of her symptoms, and instead considered each impairment one by one.

1.   Weighing Sahs's Evidence

Sahs first argues that the ALJ failed to give special weight to the opinions of her attending physicians.  *See* 20 C.F.R. § 404.1527(d) (generally giving more weight to the opinions of physicians who have developed familiarity with a patient's condition through multiple examinations over an extended period of time).  Sahs's briefs, however, utterly fail to identify which physicians she is referring to, or what opinions she felt were ignored.  At oral argument, Sahs listed several physicians that could be considered attending, but still did not identify what opinions were neglected.  Therefore, I find no error in the ALJ's decision on this ground.  *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (refusing to consider claimant's argument because she did not specify which treating physician opinion was ignored).

Sahs is on firmer ground, however, when she points to the testimony of her lon-time neighbor, Rex Lowell (Lowell).  At the first hearing before the ALJ Lowell testified about how he had observed Sahs's medical problems impair her ability to function.  (Admin. R. at 72-76.)  Sahs argues that the ALJ's failure to even mention this evidence in his decision indicates that it was not given proper consideration.  In response, the Commissioner admits that the ALJ never discussed the testimony, but argues that he was not required to.

4

While it is true that the "ALJ is not required to discuss every piece of evidence," he must at least discuss "significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citations omitted).  In this case, Lowell's testimony is significantly probative.  He testified that he had known Sahs for about eight years, and saw her about two to three times per week.  (Admin. R. at 73.)  Indeed, Lowell's testimony appears to be the only evidence from anyone who interacted with Sahs on a consistent basis during the relevant time period.  Without a discussion relating to this evidence in the decision, I cannot determine whether the ALJ's decision to reject it is supported by substantial evidence.  *Threet*, 353 F.3d at 1190.  Therefore, remand is appropriate.  *Id.*

2.    Consideration of the Combined Effect of Symptoms

Sahs also argues that the ALJ erred by considering her impairments individually, but never in combination with one another.  It is well established that throughout the five-stage process, the ALJ is required to consider the combined effect of a claimant's impairments, even if some impairments, if considered individually, are not severe.  42 U.S.C. § 423(d)(2)(b)*; see also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (remanding because the ALJ's decision did not indicate that he considered the cumulative effect of claimant's impairments); *Barrett v. Barnhart*, 355 F.3d 1065, 1068-69 (7th Cir. 2004) (holding that ALJ's failure to consider the cumulative effect of severe and non-severe impairments was reversible error).  And, although the "ALJ is not required to discuss every piece of evidence," *Clifton*, 79 F.3d at 1009-10, meaningful review requires that the ALJ articulate the basis for his decision with sufficient detail to allow a reviewing court to determine that he followed the appropriate legal principles.  *Nielson v. Sullivan*,

992 F.2d 1118, 1119-1120 (10th Cir. 1993).  Accordingly, the Tenth Circuit has held that "[w]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard . . . the proper remedy is reversal and remand." *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989); *see also Langley*, 373 F.3d at 1123 (reversing because "the ALJ's decision does not indicate that he considered the cumulative effect of claimant's impairments").

In this case, it is difficult to determine from the ALJ's decision whether he considered the cumulative effect of all of Sahs's impairments.  The decision starts out well enough — after having no difficulty finding Sahs cleared the stage one hurdle, the ALJ remarks that "[t]he sequential evaluation must therefore proceed to steps two and three to determine whether the claimant has any severe impairment or *combination* of impairments."  (Admin. R. at 14) (emphasis added).  However, the remainder of the decision reads as if the ALJ were considering each impairment in isolation.  For example, the ALJ began his stage two analysis by listing all of Sahs's impairments that he found "severe" under the Act, then he explained why he found her lung and mental impairments did not significantly affect her ability to work.  (Admin. R. at 14-15.)  Thereafter, the lung and mental impairments are never discussed again throughout the stage three, four, and five analyses.  This indicates that the ALJ may well have considered all of Sahs's impairments in isolation during stage two, discarded the ones he found were not severe, and never considered the non-severe impairments again.  Moreover, the ALJ appears to have devoted only one conclusory sentence to the stage three analysis, saying "[n]one of the claimant's impairments are attended by clinical findings supporting a finding that her

6

impairments are disabling based on medical considerations alone."[1]  The choice of the word "none" again implies that the cumulative effects of all of Sahs's impairments were not considered throughout the process.

In response, the Commissioner first points out that at the beginning of the decision, the ALJ states that he did a "complete review of the documentary evidence."  (Admin. R. at 13.)  However, this phrase explains little because the evidence could have been "completely reviewed" in isolation.  In addition, the Commissioner cites *Eggleston v. Bowen* for the proposition that there is no error when there is "*nothing* to suggest [that the combined effects] were not properly considered."  851 F.2d 1244, 1247 (10th Cir. 1988) (emphasis added).  The difficulty here, however, is that there are parts of the decision that appear to indicate consideration of the impairments in isolation.

Finally, the Commissioner argues that the decision's reliance on testimony from a vocational expert indicate that the ALJ considered Sahs's impairments in combination.  The record shows that the ALJ did question the expert about whether various combinations of impairments would preclude a person from employment.  However, against the background of the written decision, these questions do not demonstrate that the ALJ considered — or asked the vocational expert to consider — the cumulative effect of *all* of Sahs's impairments, both severe and non-severe.  For example, it is not clear how Sahs's chronic headaches, pulmonary problems, and mood swings from her claimed

_____

[1] While the stage three analysis is probably too conclusory to allow meaningful review, *see Clifton*, 79 F.3d at 1009 (holding that ALJ's failure to identify the relevant listings, discuss the evidence, or the basis for his decision at stage three was reversible error), Sahs does not appeal on this point.  Therefore, I merely note the issue for consideration on remand.

bipolar disorder factor into the ALJ's analysis.[2]  In light of this uncertainty, the proper

remedy under *Baker*, is reversal and remand.

Conclusion

Based upon my review of the record in this case, I find that the ALJ failed to

adequately demonstrate that he considered the cumulative effect of all of Sahs's

impairments, and that he considered Lowell's testimony.  Accordingly, the determination

that Sahs is not disabled is reversed and this matter is remanded for proceedings

consistent with this opinion.

DATED at Denver, Colorado, on February 17, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge

---

[2] The ALJ did clearly discuss his reasons for not fully crediting Sahs's claims regarding her pulmonary and bipolar problems.  (Admin. R. at 14-15.)  He did this, however, in the context of his stage two analysis, and as I read his decision, his conclusions in each case merely indicate that because these impairments did not significantly restrict Sahs's ability to perform work-related instructions, these impairments were not severe.  But even Sahs's non-severe impairments must be considered in combination with her severe ones.  42 U.S.C. § 423(d)(2)(b)*; see also Barrett v. Barnhart*, 355 F.3d 1065, 1068-69 (7th Cir. 2004) (holding that ALJ's failure to consider the cumulative effect of severe and non-severe impairments was reversible error).