IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-00002-WDM

LEYLA M. SAHS,

    Plaintiff,

v.

JO ANNE B. BARNHART,

    Defendant.

_____

**ORDER**
_____

    This matter is before me on plaintiff's request for an award of $8,100 in attorneys' fees, together with costs in the amount of $39.00, pursuant 28 U.S.C. § 2412(d), as the prevailing party. Defendant resists, arguing that her position was "substantially justified," thereby excusing the defendant from attorney fee liability under this statute. Defendant also argues that if fees are awarded, the request is excessive.

    As defendant points out, plaintiff is not automatically entitled to fees simply because she prevailed, even if the reason for plaintiff's success was based on the lack of substantial evidence to support the ALJ decision. *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). A legal position may be mistaken yet nevertheless substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

    Applying the standard to this case, the reasons for remand were not premised on

the lack of substantial evidence in the record as a whole but rather because the Commissioner failed to apply the correct legal standards. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). In particular, the ALJ failed to consider the combined effect of plaintiff's impairments in accordance with well-established law. *See Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004); *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). Given that failure, I conclude that the defendant's position lacked substantial justification in this case for the reasons outlined in my February 17, 2006 Memorandum Opinion and Order.

With regard to the defendant's objections concerning the amount of the request, I first observe that the plaintiff did not satisfy the requirements of my Pretrial and Trial Procedures that he submit the affidavit of an independent attorney concerning the reasonableness of the rates and hours claimed. Pretrial and Trial Procedures of Judge Walker D. Miller, § 7. Further, counsel's affidavit has but the bare minimum information required by D.C.COLO.LCivR 54.3. Nevertheless, I conclude sufficient information is provided for me to decide the issues raised by defendant, given my familiarity with the case and similar claims in numerous other social security appeals.

Defendant does not challenge counsel's $150 hourly rate but urges that the requested 54 hours be reduced by 18 hours to 36 hours. Defendant cites several cases indicating that many courts have concluded that much more than 30 hours were deemed excessive. From my experience with these cases and as a long-time practicing attorney, I agree that the number of hours charged are excessive. First of all, counsel's affidavit lists 52 hours while his request seeks 54 hours without any

explanation for the 2 additional hours. Focusing on counsel's claimed hours for preparing a proposed order, 11 hours is excessive, particularly given my general direction of the issues that were to be addressed. Even allowing for lack of familiarity in preparing proposed orders, the work product should not have taken more than 3 or 4 hours. I will reduce the hourly total by 7. Similarly, I find the 7 hours preparation for argument to be excessive and will be reduced by 3 hours. The remaining 42 hours still appear excessive in comparison to other fee awards. Although the many different medical issues may well have increased the complexity, I conclude that the hours should be further reduced by 2 hours for review of records, 1 hour for consultation with experts, 1 hour for each brief, so that the approved hours are 37 for a total approved fee of $5,550. I note parenthetically that the result could have been different had plaintiff's counsel submitted a supporting affidavit by an independent attorney justifying the reasonableness of the hours.

Accordingly, it is ordered that the plaintiff's petition for costs and attorneys' fees is approved in part to award plaintiff's counsel $5,550 in attorneys' fees and $39 in costs, which were not contested by defendant.

DATED at Denver, Colorado, on October 19, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge